## Commonwealth v. Reedy

*Ruth Reedy,* pp for petitioner.
*Frederick F. Coffroth, District Attorney,* contra.

COFFROTH, *P.J.,* December 27, 1976 — We have for consideration the petition of Ruth Reedy defendant's mother, for return to her of the weapon used by defendant in connection with criminal charges against him of which he was convicted.

The gun belongs to petitioner who kept it in her home for self-protection. Defendant, her son, resided with her and had taken the gun from the home without her knowledge or consent. The gun was seized from the boy when he was arrested. He no longer resides with petitioner; he has since married and lives elsewhere with his wife.

Several years ago, petitioner used the gun to shoot her estranged husband when he came to her home. Petitioner alleges and the district attorney confirms that the shooting was done in self-defense and for that reason prosecution against peti-

tioner for the shooting was not pursued. Petitioner took no part in her son's offenses.

Under the circumstances, we have no reason to think that defendant is not a suitable person to possess her own gun, nor any reason to forfeit it or to refuse its return. See Commonwealth v. Spisak, 69 D. & C. 2d 659, 30 Somerset 95 (1974), and Commonwealth v. Kimmel referred to therein, 30 Somerset at 97.

## ORDER

Now, December 27th, 1976, the petition for return of the weapon held by the Commonwealth as evidence is granted. The Commonwealth is directed to release the weapon to petitioner upon obtaining her receipt therefor and payment of record costs in connection with this petition.